QUESTION: What is the scope of the definition of a "home solicitation sale" as used in Florida's "Home Solicitation Sales Act," ss. 501.021-501.055, F.S., specifically as it applies to consumer-initiated agreements for goods or services?
SUMMARY: The definition of a "home solicitation sale" is dependent on the meaning given to the term "personal solicitation." If a consumer sale occurs at a place other than the seller's fixed location business establishment and is the result of a request for specific goods or services by the purchaser rather than as the result of personal persuasion or inducement on the part of the seller, it is not subject to the right-to-cancel provision of ss.501.021-501.055, F.S. A "home solicitation sale" is defined in s.501.021, F.S., in the following manner: As used in ss.501.021-501.055, "home solicitation sale" means any consumer credit sale of goods or services made pursuant to an installment contract, loan agreement, other evidence of indebtedness, or a cash sale or other consumer credit sale in excess of twenty-five dollars, in which the seller or a person acting for him engages in a personal solicitation of the sale at a place other than at the seller's fixed location business establishment where goods or services are offered or exhibited for sale and the buyer's agreement or offer to purchase is given to the seller and the sale consummated at a place other than at the seller's fixed location business establishment. It does not include a sale made at any fair or similar commercial exhibit. Interpretation of the term "personal solicitation" is required to determine whether or not all elements of the above definition are met by the following situation: When a customer calls or visits a business, such as an electrician, plumber, pest controller, etc., seeking the businessman's goods or services, and subsequent thereto, "the buyer's agreement or offer to purchase is given to the seller and the sale consummated at a place other than the seller's fixed location business establishment." The dominant characteristic of a home solicitation sale is personal contact between the seller and the buyer at a place other than the seller's business. It is that person-to-person contact that is being defined by the word "personal." The word "solicitation" is defined as asking or seeking to obtain by persuasion or entreaty. [See] 81 C.J.S. 389 (1953). Therefore, the phrase personal solicitation as used by the Legislature in s. 501.021, F.S., is personal contact between a seller and a customer at a place other than at the seller's business when the seller uses persuasion to influence the customer to enter into a contract for the sale of goods or services. It is my opinion that a businessman or his representative merely responding to a consumer request for repairs or services does not fall within the purview of ss.501.021-501.055, F.S. It should be noted that advertising by a business is not considered a personal solicitation within the definition of the Home Solicitation Sales Act. However, if the businessman or his representative persuades the customer to purchase goods or services other than those initially requested by the buyer, then there has been a personal solicitation which is subject to the right-to-cancel rule. It should also be noted that the Federal Trade Commission, pursuant to its authority to enact rules and regulations, has recognized that many home solicitation sales have an impact on interstate commerce. As a result, the Federal Trade Commission promulgated a Trade Regulation Rule — Cooling-Off Period for Doorto-Door Sales (16 C.F.R. § 429.1). This rule specifically includes those sales "in response to or following an invitation by the buyer." Thus, any business in Florida subject to the purview of the rules and regulations of the Federal Trade Commission will be bound by the right-to-cancel provision of 16 C.F.R. § 429.1, unless the sales transaction in question falls within one of the specific exceptions enumerated in the rule. The specific exceptions are as follows: (1) Made pursuant to prior negotiations in the course of a visit by the buyer to a retail business establishment having a fixed permanent location where the goods are exhibited or the services are offered for sale on a continuing basis; or (2) In which the consumer is accorded the right of rescission by the provisions of the Consumer Credit Protection Act (15 U.S.C. § 1935) or regulations issued pursuant thereto; or (3) In which the buyer has initiated the contact and the goods or services are needed to meet a bona fide immediate personal emergency of the buyer, and the buyer furnishes the seller with a separate dated and signed personal statement in the buyer's handwriting describing the situation requiring immediate remedy and expressly acknowledging and waiving the right to cancel the sale within 3 business days; or (4) Conducted and consummated entirely by mail or telephone; and without any other contact between the buyer and seller or its representatives prior to delivey of the goods or performance of the services; or (5) In which the buyer has initiated the contact and specifically requested the seller to visit his home for the purpose of repairing or performing maintenance upon the buyer's personal property. If in the course of such a visit, the seller sells the buyer the right to receive additional services or goods other than replacement parts necessarily used in performing the maintenance or in making the repairs, the sale of those additional goods or services would not fall within this exclusion; or (6) Pertaining to the sale or rental of real property, to the sale of insurance or to the sale of securities or commodities by a broker-dealer registered with the Securities and Exchange Commission.